UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY CHARLES GENTRY,                )
                                     )
                Petitioner,          )        Case No. 5:06-cv-106
                                     )
v.                                   )        Honorable Gordon J. Quist
                                     )
PEOPLE OF THE STATE OF               )
MICHIGAN et al.,                     )
                                     )
                Respondents.         )
_____)

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious constitutional claim.

**Discussion**

I.      Factual Allegations

Petitioner is currently incarcerated at the West Shoreline Correctional Facility. In January 2005, he pleaded *nolo contendere* in Genesee County Circuit Court to one count of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and one count of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. On January 10, 2005, the circuit court sentenced Petitioner, as a habitual offender, to 83 months to 15 years' incarceration.

Petitioner appealed his sentence to the Michigan Court of Appeals alleging the two grounds he raises in his habeas petition. On January 13, 2006, the court of appeals denied leave for lack of merit on the grounds presented. Mich. Ct. App. No. 267556, docket #7. Petitioner then sought leave to appeal in the Michigan Supreme Court on the same grounds; on June 26, 2006, the supreme court denied leave because it was not persuaded the issues raised had any merit. Mich. No. 130597, docket #18.

In his *pro se* application for habeas corpus relief, Petitioner alleges that he is being incarcerated in violation of his constitutional rights. Specifically, Petitioner maintains that the trial court improperly sentenced him by misscoring Offense Variable 4, improperly enhancing his sentence as a habitual offender. Pet. at 5.

II.      Failure to Raise a Meritorious Federal Claim

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has

"drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

Petitioner fails to raise a meritorious constitutional claim.  Both of his stated grounds for relief – improper scoring of Offense Variable 4 and improper enhancement of his sentence as a habitual offender – are state law claims and do not entail violations of the U.S. Constitution. Petitioner all but admits that his claims are rooted in state law by citing a Michigan Supreme Court case in support of his habeas application.  Pet. at 3, citing *People v. Walker*, 407 N.W.2d 367 (Mich. 1987), abrogated in *People v. Mitchell*, 560 N.W.2d 600 (Mich. Ct. App. 1997).  A challenge to the sentencing court's scoring and enhancement under state sentencing guidelines cannot form the basis for habeas relief because it does not raise a meritorious constitutional claim as required by 28 U.S.C. § 2254(a).  Habeas relief is therefore not warranted.  Because the court's alleged improper scoring and enhancement of Petitioner's sentence is a matter without constitutional significance, I recommend that this claim be dismissed.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner does not raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: July 31, 2006                         /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).